IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMIK HOPKINS MINTER, et al.,

              Plaintiffs,

     v.

MARK EDWARD GALIOS,

           Defendant.

Case No. 12-2905 JSC

**[PROPOSED] JURY INSTRUCTIONS**

Dated:  April 19, 2014

_____

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return--that is a matter entirely up to you.

# WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in closing arguments, or have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

United States District Court
Northern District of California

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been read to you. You should therefore treat these facts as having been proved.

United States District Court

Northern District of California

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

# EXPERT EVIDENCE

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.  Timothy Williams, Don Cameron, and Alexander Jason all testified as expert witnesses.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**CLAIMS AND DEFENSES**

Plaintiffs are the children of Decedent Akinlabi Minter, who died following an incident with Defendant Officer Mark Galios on January 18, 2011.  They contend that Officer Galios used unreasonable force in violation of the Fourth and Fourteenth Amendments of the United States Constitution which led to Akinlabi Minter's death.  Officer Galios denies these claims and contends that the force he used was objectively reasonable under the circumstances.

United States District Court
Northern District of California

1

2

## BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

3

4

5

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

6

7

8

You should base your decision on all of the evidence, regardless of which party presented it.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECTION 1983 CLAIM - INTRODUCTORY INSTRUCTION

Plaintiffs bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**SECTION 1983 CLAIM - ELEMENTS AND BURDEN OF PROOF**

To prevail on their section 1983 claim against Defendant Officer Galios, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.     Defendant Officer Galios acted under color of law; and

2.     the act[s] of Defendant Officer Galios deprived Akinlabi Minter and/or Plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Officer Galios acted under color of law in relation to his interaction with Akinlabi Minter.

If you find Plaintiffs have proved each of these elements, and if you find that Plaintiffs have proved all the elements they are required to prove under the other instructions, your verdict should be for Plaintiffs. If, on the other hand, Plaintiffs have failed to prove any one or more of these elements, your verdict should be for Defendant Officer Galios.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## CAUSATION

To establish that the acts of Defendant Officer Galios deprived Akinlabi Minter and/or Plaintiffs of their particular rights under the United States Constitution as explained in later instructions, Plaintiffs must prove by a preponderance of the evidence that the acts or failures to act were so closely related to the deprivation of Akinlabi Minter's and/or Plaintiffs' rights as to be the moving force that caused the harm.

**FOURTH AMENDMENT - UNREASONABLE SEIZURE OF PERSON**
**EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a law enforcement officer uses excessive force on the person. Thus, to prove an unreasonable seizure in this case, Plaintiffs must prove by a preponderance of the evidence that Defendant Officer Galios used excessive force on Akinlabi Minter on January 18, 2011 when Officer Galios discharged his firearm.

Under the Fourth Amendment, a law enforcement officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether Defendant Officer Galios used excessive force in this case when he shot Akinlabi Minter, consider all of the circumstances known to him on the scene, including:

1. The severity of the circumstances to which the officer was responding;
2. Whether Akinlabi Minter posed an immediate threat to the safety of the officer or to others;
3. Whether Akinlabi Minter was actively resisting arrest or attempting to evade arrest by flight;
4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;
5. The type and amount of force used;
6. The availability of alternative methods to take into custody or subdue Akinlabi Minter.

United States District Court
Northern District of California

14

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### FOURTEENTH AMENDMENT—DUE PROCESS

The Plaintiff children of Akinlabi Minter assert a Fourteenth Amendment liberty interest in the companionship of their father.  This claim is based on the Due Process Clause of the Fourteenth Amendment, which provides in relevant party: "No state shall . . . deprive any person of . . . liberty . . . without due process of law."

To prevail on this claim, Plaintiffs must prove by a preponderance of the evidence that:

1.      Defendant Officer Galios acted in a manner which "shocks the conscience," and

2.      The action of Officer Galios was the cause of Akinlabi Minter's death.

An action "shocks the conscience" if undertaken with a purpose to harm the decedent that was unrelated to legitimate law enforcement objectives.

**DAMAGES-PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiffs on their Fourth Amendment and/or Fourteenth Amendment claims, you must determine Plaintiffs' damages.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Plaintiffs for any injury you find was caused by Defendant Officer Galios.

1

2

## DAMAGES—FOURTH AMENDMENT CLAIM

3        If you find for Plaintiffs on their Fourth Amendment claim, they can recover damages

4 for any injury sustained by decedent Akinlabi Minter before his death.  In evaluating these

5 damages, you can consider the nature and extent of the injuries suffered by Mr. Minter prior to

6 his death, including any physical or emotional pain and suffering, caused by Officer Galios'

7 shooting Mr. Minter.

8

9        It is for you to decide what damages, if any, have been proved.  No fixed standard

10 exists for deciding the amount of noneconomic damages.  You must use your judgment to

11 decide a reasonable amount based on the evidence and your common sense.

12

13        Your award must be based upon evidence and not upon speculation, guesswork or

14 conjecture.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DAMAGES—FOURTEENTH AMENDMENT CLAIM**

If you find for Plaintiffs on their Fourteenth Amendment claim, Plaintiffs can recover their own damages sustained as a result of the death of Akinlabi Minter.  You should consider the following as Plaintiffs' damages:

1.      The mental and emotional pain and suffering they experienced and which with reasonable probability will be experienced in the future; and

2.      The loss of Akinlabi Minter's love, companionship, comfort, care assistance, protection, affection, society, and moral support.

It is for you to decide what damages, if any, have been proved.  No fixed standard exists for deciding the amount of noneconomic damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

United States District Court
Northern District of California

# PUNITIVE DAMAGES

If you find for Plaintiffs, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded.

You may award punitive damages only if you find that Defendant Officer Galios' conduct that harmed Akinlabi Minter was malicious, oppressive or in reckless disregard of Akinlabi Minter's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the decedent.  Conduct is in reckless disregard of the decedent's rights if, under the circumstances, it reflects complete indifference to the decedent's safety or rights, or if the defendant acts in the face of a perceived risk that his actions will violate the decedent's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the decedent with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the decedent.

If you find that a punitive damages award is warranted in this case, you will receive additional evidence and instruction concerning the amount of punitive damages to be awarded.

United States District Court
Northern District of California

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court clerk signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

1

2

**RETURN OF VERDICT**

3

4

    A verdict form has been prepared for you.  After you have reached unanimous

5

agreement on a verdict, your presiding juror will fill in the form that has been given to you,

sign and date it, and advise the court that you are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

Northern District of California